USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/25/2019

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT HIMROD, Individually and on Behalf of
All Others Similarly Situated,

                Plaintiff,

-against-

CYGNUS MEDICAL, LLC, MADISON POLYMERIC
ENGINEERING, INC., SHAUN SWEENEY and
WALTER L. MAGUIRE, JR., Jointly and Severally,

                Defendants.

19 Civ. 3417 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, a former surgical instrumentalist specialist at Defendants' medical products manufacturing and repair company, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). The parties have settled, and by joint letter, seek Court approval of their settlement agreement ("the Settlement") and an award of attorney's fees to Plaintiff's counsel. Letter, ECF No. 30.

    "The Court's obligation to police FLSA settlements to ensure that they are fair and reasonable is a searching one. It implicates both the rights of the settling employee and the interests of the public at large." *Lopez v. Poko-St. Ann L.P.*, 176 F. Supp. 3d 340, 344 (S.D.N.Y. 2016) (internal quotation markets and citation omitted). Having carefully reviewed the parties' submissions, the Court identifies one problem with the Settlement.

    Paragraph 2 of the settlement releases Defendants from claims by Plaintiff, but is not mutual. Settlement ¶ 2, ECF No. 30-1.[1] That is, the release runs in only one direction, and does not release Plaintiff from any claims by Defendants. "A mutual release would ensure that both the employees and the employer are walking away from their relationship up to that point in time without the potential for any further disputes." *Lopez*, 176 F. Supp. 3d at 344–45 (internal quotation marks, brackets, and citation omitted). The release, therefore, must be mutual.

---

[1] Paragraph 2 states: "**2. <u>Wage and Hour Release</u>.** In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiff knowingly and voluntarily releases and forever discharges Defendants from any and all claims, causes of action, debts, obligations, charges, promises, covenants, agreements, contracts, endorsements, bonds, controversies, injunctive relief, suits or causes of action known or unknown, suspected or unsuspected, arising out of all claims relating to any and all federal, state or local wage and hour claims that were alleged or could have been alleged in this Action. This release includes claims under the New York Labor Law, including claims for wages (including but not limited to alleged over-time pay, spread-of-hours pay, and/or minimum wage pay), liquidated damages, interest and attorneys' fees, and/or for wage notice and wage statement violations, and claims relating to, or arising under, any other federal, state or local statute or regulation that concerns hours worked or payment of wages, including the Fair Labor Standards Act."

Accordingly, the Court cannot approve the Settlement as submitted. By **November 20, 2019**, the parties shall submit a revised settlement agreement that comports with this Order.

SO ORDERED.

Dated: October 25, 2019
New York, New York

_____
ANALISA TORRES
United States District Judge