# EXHIBIT A

**SETTLEMENT AGREEMENT AND RELEASE**

**THIS SETTLEMENT AGREEMENT AND RELEASE** ("Agreement") is entered into by and between **Scott Himrod** ("Himrod" or "Plaintiff"), individually, and **Cygnus Medical, LLC** ("Cygnus"), **Madison Polymeric Engineering, Inc.** ("Madison Polymeric" and, together with Cygnus, the "Corporate Defendants"), **Shaun Sweeney** ("Sweeney") and **Walter L. Maguire, Jr.** ("Maguire" and, together with Sweeney, the "Individual Defendants" and, collectively with the Corporate Defendants, the "Defendants"). Plaintiff and Defendants may each be referred to as a "Party," or together, be referred to herein as the "Parties."

**WHEREAS**, the Plaintiff commenced a lawsuit in the United States District Court for the Southern District of New York under docket number 19-cv-03417 (AT) (the "Action"), alleging violations of the New York Labor Law and the Fair Labor Standards Act;

**WHEREAS**, Defendants deny any and all claims of wrongdoing and/or allegations of misconduct or other liability to Plaintiff;

**WHEREAS**, the Parties elected to resolve this Action by the terms of this Agreement rather than bear the time and expense of further litigation, including possible trial;

**NOW THEREFORE**, in consideration of the mutual promises and releases contained herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, and intending to be legally bound hereby, the Parties agree as follows:

1. **Settlement.**

    (a) In consideration for Plaintiff's release of claims as provided in paragraph 2, Defendants agree to pay to Plaintiff the total gross settlement amount of One Hundred Thirty-Two Thousand Five Hundred Dollars ($132,500.00) (the "Settlement Amount"), consisting of Eighty-Seven Thousand Thirty-Two Dollars and Fifty Cents ($87,032.50) to Plaintiff and Forty-Five Thousand Four Hundred and Sixty-Seven Dollars and Fifty Cents ($45,467.50) (including $1,951.31 expense reimbursement and $43,516.19 in reasonable attorneys' fees), to be delivered to Pelton Graham LLC, 111 Broadway, Suite 1503, New York, New York 10006, within twenty (20) days after the approval of this Agreement by the Court. The checks will be issued in the following manner:

    One check payable to Pelton Graham LLC in the amount of $45,467.50 and two (2) checks payable to Scott Himrod in the total gross amount of $87,032.50.

    (b) The foregoing total amount to Plaintiff shall be divided into three (3) checks as follows: 50% of the amount to Plaintiff Himrod shall be deemed to constitute payment for alleged lost wages and, therefore, shall be subject to statutory payroll deductions/withholdings, which Defendants shall make. An IRS form W-2 shall be issued to Plaintiff Himrod for this amount. The remaining 50% of the amount to Plaintiff Himrod shall be deemed to constitute payment for alleged liquidated damages and, therefore, shall not be subject to statutory payroll deductions/withholdings. An IRS form 1099 shall be issued to Plaintiff Himrod for

1

this amount. An IRS form 1099 shall be issued to Pelton Graham LLC for the amount allocated for attorneys' fees and costs ($45,467.50). The foregoing checks shall be delivered to Plaintiff's counsel as set forth in paragraph 1(a).

(c) In order to receive the settlement payments described in paragraph 1(a), Plaintiff must complete and return IRS Forms W-4 and W-9, and his attorneys, Pelton Graham LLC, must complete and return an IRS Form W-9, to counsel for Defendants, including a social security, ITIN number, or employer tax identification number, as appropriate.

(d) In the event Defendants fail to make timely payment to Plaintiff, Plaintiff's counsel shall notify Defendants' counsel, Scott R. Green, Esq., Goldberg Segalla LLP, of the default by e-mail at sgreen@goldbergsegalla.com and by overnight mail to 200 Garden City Plaza, Suite 520, Garden City, NY 11530. Defendants shall have ten (10) calendar days from the date of said notice to cure any such default (the "Cure Period"). In the event that payment is not made within the Cure Period, Plaintiff shall be entitled to seek enforcement of the Settlement Agreement in the United States District Court for the Southern District of New York. However, if the District Court should refuse or decline to accept jurisdiction over the Agreement for any reason, the Parties agree that this Agreement may be enforced in a court of competent jurisdiction located in New York County, New York.

**2.     Releases.**

In consideration of the promises of benefits, mutual agreements, payment and other good and valuable consideration contained in this Agreement, Plaintiff knowingly and voluntarily releases and forever discharges Defendants from any and all claims, causes of action, debts, obligations, charges, promises, covenants, agreements, contracts, endorsements, bonds, controversies, injunctive relief, suits or causes of action known or unknown, suspected or unsuspected, arising out of all claims relating to any and all federal, state or local wage and hour claims that were alleged or could have been alleged in this Action. This release includes claims under the New York Labor Law, including claims for wages (including but not limited to alleged over-time pay, spread-of-hours pay, and/or minimum wage pay), liquidated damages, interest and attorneys' fees, and/or for wage notice and wage statement violations, and claims relating to, or arising under, any other federal, state or local statute or regulation that concerns hours worked or payment of wages, including the Fair Labor Standards Act.

Similarly, Defendants hereby knowingly and voluntarily release and forever discharge Plaintiff from any and all claims, causes of action, debts, obligations, charges, promises, covenants, agreements, contracts, endorsements, bonds, controversies, injunctive relief, suits or causes of action known or unknown, suspected or unsuspected, which Defendants at any time have, had or claimed to have against Plaintiff specifically relating to the claims that were alleged or could have been alleged in this Action.

**3.     Representations and Warranties.**

The Parties each represent, warrant to and agree with the other as follows:

(a) The terms of this Agreement are contractual and are the result of negotiations between the Parties;

(b) This Agreement has been carefully read by each of the Parties after consultation with their respective attorneys or advisors, and the contents hereof are known to and understood by each of the Parties. It is signed knowingly, voluntarily and freely on an informed basis and with due authority by each Party executing this Agreement and is binding and enforceable in accordance with its terms;

(c) The Parties have the power and are duly authorized to enter into this Agreement with regard to all matters described herein upon the terms herein set forth, and any person executing this Agreement or receiving payment pursuant to the Settlement is the authorized agent for purposes of executing this Agreement or receiving such funds;

(d) The execution of this Agreement does not put any party hereto in violation of any agreements to which it or they are a party;

(e) Plaintiff has been advised in writing of his right to consult an attorney or advisor of his choice prior to signing the Agreement;

(f) Plaintiff has consulted with his attorney regarding the content and effect of this Agreement; and

(g) Plaintiff was given a reasonable period of time within which to consider this Agreement before signing the Agreement.

**4.    Voluntary Dismissal with Prejudice.**

(a) Plaintiff hereby authorizes and directs his attorneys, upon the execution of this Agreement, to execute and file with the United States District Court for the Southern District of New York, a Stipulation of Discontinuance with Prejudice in this Action in the form annexed hereto as Exhibit A. Such Stipulation shall be filed by counsel for Plaintiff immediately after court approval of this settlement.

(b) Plaintiff hereby authorizes and directs his attorneys to dismiss the Action with prejudice.

**5.    Non-Admission.**

(a) This Agreement shall not in any way be construed as an admission by Defendants that they acted wrongfully with respect to Plaintiff or any other individual. Defendants specifically disclaim any liability for any purported wrongful acts against Plaintiff on the part of themselves, their officers, employees, and/or agents. Further, this Agreement shall not in any way be construed as an admission by Defendants as to any allegations set forth in the Complaint in the Action.

(b) All parties acknowledge this Action as being settled to avoid further litigation and its concomitant expense.

**6.    Mutual Non-Disparagement**

The Parties agree that they each shall not, directly or indirectly, at any time, make any statement (whether written, oral, electronic, or otherwise) or otherwise take any action that would or might reasonably be interpreted as harmful or disparaging to any of the Parties. For purposes of the preceding sentence, "disparaging" shall mean any statement or communication, whether verbal or written, that would tend to lessen the stature or standing of any Party in the eyes of an ordinary and reasonable person in the community. Nothing in this paragraph shall preclude the Parties from truthfully communicating their experiences concerning the Action or the Settlement.

### 7. Applicable Law and Continuing Jurisdiction

This Agreement shall be governed by, interpreted, constructed and enforced in accordance with the laws of the State of New York. The Parties consent to the authority of Judge Analisa Torres for all purposes and hereby expressly agree and understand that the Court shall retain jurisdiction over the interpretation or implementation of this Agreement as well as any and all matters arising out of, or related to, the interpretation of this Agreement and the settlement contemplated thereby.

In the event a Party fails to comply with the terms and conditions of this Agreement, the non-breaching Party shall be entitled, in addition to any other right or remedy it may have at law or in equity related to breaches of this Agreement, to all reasonable costs associated with enforcing this provision and the Settlement Agreement overall, including but not limited to attorneys' fees, if said non-breaching Party prevails in a claim for breach of this Agreement, as determined by Judge Analisa Torres.

### 8. Severability.

The provisions of this Agreement are severable. If any provision of this Agreement is held invalid, the invalidity shall not affect other provisions or application of the Agreement that can be given effect without the invalid provision or application.

### 9. No Other Representations or Agreements.

Each party acknowledges that, except as expressly set forth herein, no representations of any kind or character have been made by any other party or parties, agents, representatives, or attorneys, to induce the execution of this Agreement. This Agreement constitutes a single integrated contract expressing the entire agreement of the parties hereto. There is no other agreement or understanding, written or oral, expressed or implied, among the parties hereto concerning the subject matter hereof, except the agreements set forth in this Agreement. This Agreement constitutes and contains the entire agreement among the parties and supersedes and replaces all prior negotiations and all agreements, proposed or otherwise, written or oral, concerning the subject matter hereof.

### 10. No Modification Except in Writing.

This Agreement cannot be modified or changed except by writing, signed by the parties, with specific reference to this Agreement.

### 11. Execution in Counterpart.

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

12. **BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

_____     Dated: __11/7/19__
Scott Himrod


_____
CYGNUS MEDICAL, LLC

By: _____
Dated: _____


_____
MADISON POLYMERIC ENGINEERING, INC.

By: _____
Dated: _____


_____     Dated: _____
Shaun Sweeney, Individually


_____     Dated: _____
Walter L. Maguire, Jr., Individually

5

This Agreement may be executed in counterpart by each party and each executed Agreement, when taken together, shall constitute a complete Agreement. Any signature made and transmitted by facsimile or email for the purpose of executing this Agreement shall be deemed an original signature for purposes of this Agreement and shall be binding upon the party whose counsel transmits the signature page by facsimile or email.

**12.** **BY SIGNING THIS AGREEMENT**, the Parties state that they have carefully read the Agreement, fully understand it and are signing it voluntarily.

**THEREFORE**, the Parties to this Settlement Agreement and Wage and Hour Release now voluntarily, freely and knowingly execute this Agreement.

_____   Dated: _____
Scott Himrod

_____
CYGNUS MEDICAL, LLC
By: WALTER L Maguire, JR
Dated: 11/13/19

_____
MADISON POLYMERIC ENGINEERING, INC.
By: WALTER L Maguire, JR
Dated: 11/13/19

_____   Dated: 11-11-19
Shaun Sweeney, Individually

_____   Dated: 11/13/19
Walter L. Maguire, Jr., Individually

5

# **<u>EXHIBIT A</u>**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **SCOTT HIMROD, Individually and on Behalf of All Others Similarly Situated,**<br><br>**Plaintiff,**<br><br>-against-<br><br>**CYGNUS MEDICAL, LLC, MADISON POLYMERIC ENGINEERING, INC., SHAUN SWEENEY and WALTER L. MAGUIRE, JR., Jointly and Severally,**<br><br>**Defendants.** | **19 Civ. 03417 (AT)** |

## STIPULATION OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED AND AGREED by and between the parties in the above captioned action through their undersigned counsel that, in accordance with Rule 41(a)(1)(A)(ii) of the Federal Rules of Civil Procedure, the Complaint in the above-captioned action and all claims alleged therein to be dismissed with prejudice, with each party to bear their own fees and costs; and that Plaintiff is precluded from bringing any further claims under the Fair Labor Standards Act or New York Labor Law, or any federal, state or local law, for unpaid wages, including overtime pay, for the period set forth in Plaintiff's Complaint.

IT IS HEREBY FURTHER STIPULATED AND AGREED that this Court shall retain jurisdiction to enforce the parties' Settlement Agreement.

**PELTON GRAHAM LLC**                              **GOLDBERG SEGALLA LLP**

By: _____            By: _____
Brent E. Pelton, Esq.                   Scott R. Green, Esq.
Taylor B. Graham, Esq.                  200 Garden City Plaza, Ste. 520
111 Broadway, Suite 1503                Garden City, NY 11530
New York, New York 10006                Tel.: (516) 281-9859
Tel.: (212) 385-9700

*Attorneys for Plaintiff*                *Attorney for Defendants*


**SO ORDERED**

**DATED this __day of _____, 2019**


_____
**HONORABLE ANALISA TORRES**
**UNITED STATES DISTRICT JUDGE**