UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SCOTT HIMROD, Individually and on Behalf of
All Others Similarly Situated,

                      Plaintiff,

-against-

CYGNUS MEDICAL, LLC, MADISON POLYMERIC
ENGINEERING, INC., SHAUN SWEENEY and
WALTER L. MAGUIRE, JR., Jointly and Severally,

                      Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/2/2020

19 Civ. 3417 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, a former surgical instrumental specialist at Defendants' medical products manufacturing and repair company, filed this action alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"). The parties have settled, and by joint letter, sought Court approval of their settlement agreement and an award of attorney's fees to Plaintiff's counsel. Letter, ECF No. 30. The Court directed the parties to submit a revised settlement agreement that made the release of claims mutual. ECF No. 32. The parties now move for approval of their revised settlement agreement ("the Settlement"). ECF No. 33. For the reasons stated below, the motion to approve the Settlement is GRANTED.

**DISCUSSION**

    I.    <u>Legal Standard</u>

    The FLSA was enacted "to correct and as rapidly as practicable to eliminate" certain "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. Significantly, "[r]ecognizing that there are often great inequalities in bargaining power between employers and employees, Congress made the FLSA's provisions mandatory; thus, the provisions are not subject to negotiation or bargaining between employers and employees." *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982) (citing *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945)).

    In accord with the FLSA's mandatory provisions, an employer cannot settle claims of unfair wages without approval of the Department of Labor or a United States district court. *See Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Where, as here, the parties seek approval from the district court, they must establish that the settlement is "fair and reasonable." *Persaud v. D & H Ladies Apparel LLC*, No. 16 Civ. 5994, 2017 WL 1944154, at *1 (S.D.N.Y. May 8, 2017). To determine whether a settlement is fair and reasonable, courts consider:

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which "the settlement will enable the parties to avoid anticipated burdens and expenses in establishing

their respective claims and defenses"; (3) the seriousness of the litigation risks faced by the parties; (4) whether "the settlement agreement is the product of arm's-length bargaining between experienced counsel"; and (5) the possibility of fraud or collusion.

*Wolinsky*, 900 F. Supp. 2d at 335 (quoting *Medley v. Am. Cancer Soc'y*, No. 10 Civ. 3214, 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)). In addition, courts should not approve agreements that contain "highly restrictive confidentiality provisions" and "overbroad" releases of claims. *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015).

Where the proposed settlement provides for payment of attorneys' fees, the Court must separately assess the reasonableness of the fee award. *Lliguichuzhca v. Cinema 60, LLC*, 948 F. Supp. 2d 362, 366 (S.D.N.Y. 2013). "In an individual FLSA action where the parties settled on the fee through negotiation, there is 'a greater range of reasonableness for approving attorney's fees.'" *Wolinsky*, 900 F. Supp. 2d at 336 (quoting *Misiewicz v. D'Onofrio Gen. Contractors Corp.*, No. 08 Civ. 4377, 2010 WL 2545439, at *5 (S.D.N.Y. May 17, 2010)). Still, "counsel must submit evidence providing a factual basis for the award," including "contemporaneous billing records documenting, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* (citation omitted).

II. Analysis

The Settlement provides for Defendants to pay a total of $132,500, with Plaintiff to receive $87,032.50, and Plaintiff's counsel to receive approximately one-third of the settlement in fees: $45,467.50. Settlement ¶ 1(a), ECF No. 33-1. The parties' initial letter motion identifies Plaintiff's total possible recovery, if he were to succeed on all of his claims, to be $485,955.15. Letter at 5. However, the parties note there were "significant litigation risks," *id.*, that Plaintiff's claims were "fact-intensive," *id.* at 4, and that "[a]lthough there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the possibility that he could receive much lower damages, or nothing at all," *id.* at 5. Moreover, the Settlement is the product of bargaining between experienced counsel. *Id.* at 8. The Court, therefore, concludes that the Settlement satisfies each of the *Wolinsky* factors.

In addition, the release provision in the Settlement is not overly broad, as it releases Defendants from claims "relating to any and all federal, state or local wage and hour claims that were alleged or could have been alleged in this Action," and mutually releases Plaintiff from "any and all claims . . . , which Defendants at any time have, had or claimed to have against Plaintiff specifically relating to the claims that were alleged or could have been alleged in this Action." Settlement ¶ 2. The Settlement does not contain any provisions (1) requiring confidentiality, or (2) restricting Plaintiff's future employment opportunities. *See generally* Settlement. The mutual non-disparagement clause contains a carve-out for truthful statements about the litigation and settlement, which satisfies the remedial goals of the FLSA. Settlement ¶ 6; *Lazaro-Garcia v. Sengupta Food Servs.*, No. 15 Civ. 4259, 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015). The Court is, therefore, satisfied that the Settlement is fair and reasonable.

Turning to attorney's fees, Plaintiff's counsel seeks to recover $45,467.50 in fees and costs, reflecting about one-third of the total value of the Settlement. Settlement ¶ 1(a). The

2

Second Circuit favors the percentage of the fund approach of calculating attorney's fees because it "directly aligns the interests of [Plaintiff] and [her] counsel." *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005) (internal quotation marks and citation omitted). As a check on the reasonableness of attorney's fees, however, courts still calculate the total cost of attorney's hours billed, previously known as the lodestar method. *In re AOL Time Warner S'holder Derivative Litig.*, No. 02 Civ. 6302, 2010 WL 363113, at *5–6 (S.D.N.Y. Feb. 1, 2010).

Plaintiff's counsel's lodestar calculation is $22,530.56 in costs and attorney's fees for work done by Pelton Graham LLC; at $45,467.50, the bargained-for attorney's fees in the settlement is approximately 2.23 times the lodestar calculation. Letter at 7. A multiplier near 2 reflects sufficient compensation for the risk associated with contingent fees in FLSA cases. *Fujiwara v. Sushi Yasuda Ltd.*, 58 F. Supp. 3d 424, 439 (S.D.N.Y. 2014) (approving a multiplier of 2.28). The Court concludes, moreover, that the billing rates are reasonable. The billing records reflect time spent drafting the complaint, preparing for and attending a mediation, and reaching settlement. ECF No. 30-2 at 6–19. Brent Pelton, a founder of Pelton Graham LLC, billed at a rate of $450 an hour, Taylor Graham, a partner, at $350 an hour, Kristen Boysen, an associate, at $250 an hour, and Adriana Sandoval, a paralegal, billed at a rate of $125 an hour. *Id.* ¶¶ 6–9. Mr. Pelton has been in practice for 16 years and has extensive experience in employment litigation. *Id.* ¶ 6. Mr. Graham, who graduated from law school in 2011, has federal wage-and-hour litigation experience at the trial and appellate levels. *Id.* ¶ 7. Ms. Boysen graduated law school in 2014. *Id.* ¶ 8. Although the Court observes that counsel's rates are on the higher end,[1] a reduction is not necessary in light of counsel's effective representation of Plaintiff here. *See* Letter at 8 (noting that the "Settlement at this stage of the case unquestionably constitutes the most efficient and effective conclusion to this litigation"). Given that fact, and that "courts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases," *Meza v. 317 Amsterdam Corp.*, No. 14 Civ. 9007, 2015 WL 9161791, at *2 (S.D.N.Y. Dec. 14, 2015), the Court finds that the fee award is reasonable.

Additionally, the Court finds that the costs expended, consisting of $1,951.31 in travel expenses, filing fees, postage, and service, to be reasonable. *See U.S. Football League v. Nat'l Football League*, 887 F.2d 408, 416 (2d Cir. 1989).

## CONCLUSION

For the reasons stated above, the parties' motion for order approving the Settlement is GRANTED. The Clerk of Court is directed to close the case.

SO ORDERED.

Dated: January 2, 2020
      New York, New York

_____
ANALISA TORRES
United States District Judge

---

[1] *E.g.*, *Mendoza v. CGY & J Corp.*, No. 15 Civ. 9181, 2017 WL 4685100, at *2 (S.D.N.Y. Oct. 17, 2017) ("[C]ourts in this District generally approve rates of . . . $300 per hour for senior attorneys or associates with eight or more years' experience." (collecting cases)); *Apolinario v. Luis Angie Deli Grocery, Inc.*, No. 14 Civ. 2328, 2015 WL 4522984, at *3 (S.D.N.Y. July 27, 2015) ("In recent years, courts in this district have awarded rates between $350 and $450 per hour for partners with significant employment litigation experience.").